**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FIRST HORIZON HOME LOAN CORPORATION, ) ) | No. CV 07-0250-PHX-MHM |
| Plaintiff, ) ) | **ORDER** |
| v. ) ) | |
| MICHAEL EDWARD PHILLIPS, et al. ) ) | |
| Defendants. ) ) | |
| ) | |

Currently before the Court are Plaintiff First Horizon Home Loan Corporation's ("First Horizon") motion to strike Defendant Michael Phillips' affirmative defense, or in the alternative, motion for a more definite statement pursuant to Rule 12 of the Federal Rules of Civil Procedure ("FRCP") (Dkt. #8); First Horizon's motion to strike Defendants Guaranty Title Agency of Arizona, Inc. ("Guaranty Title"), Christina Lovett, and Claudia Solis's affirmative defenses pursuant to FRCP 12 (Dkt. #30); Plaintiff's motion for default judgment against Defendant Jason Nowak pursuant to FRCP 55(b)(2) (Dkt. #36); and Defendant Doron Jampolsky's motion to quash summons and/or dismiss complaint due to insufficient service of process (Dkt. #28). After reviewing the pleadings and the relevant law, the Court issues the following Order.

//

//

## I. BACKGROUND

This case involves the sale of the real property located at 7726 North 16th Lane in Phoenix, Arizona from the seller, Defendant Phillips, to Mercedes Robinson, in which Plaintiff First Horizon provided loan funding for the transaction (the "Subject Transaction") by means of a first mortgage in the amount of $400,000.00, and a second mortgage in the amount of $100,000.00 (the "Subject Loans"). (Plaintiff's Amended Complaint, "Compl.", Dkt. #5, ¶¶ 14-18). During all relevant times hereto, Defendants Phillips and Nowak were loan officers for First Horizon, and Defendant Solis was an escrow officer for Defendant Guaranty Title. (Compl. ¶¶ 4, 7; Defendant Guaranty Title, Lovett, and Solis's Answer, ¶ 1). First Horizon contends that Defendant Nyden, during all relevant times hereto, was the girlfriend of Defendant Phillips and a personal friend of Robinson, the borrower. (Compl. ¶ 5). First Horizon also contends that, at all relevant times hereto, Defendant Solis was an escrow officer for Guaranty Title and Defendant Jampolsky was a Notary Public in the State of Arizona. (Compl. ¶¶ 9, 28). First Horizon alleges that it incurred losses due to an "elaborate, loan-fraud scheme, perpetrated by Defendants" in connection with the Subject Transaction and the Subject Loans. (Compl. ¶ 13). Defendants Phillips, Guaranty Title, Lovett, and Solis contest any liability in connection with the Subject Transaction and the Subject Loans. (Defendant Phillips's Answer, Dkt. #7; Defendants Guaranty Title, Lovett, and Solis's Answer, Dkt. #17). First Horizon's complaint includes claims of fraud, conspiracy to commit fraud, and unjust enrichment against Defendants Phillips, Nowak, and Nyden; constructive fraud against Defendants Phillips and Nowak; breach of fiduciary duty against Phillips, Nowak, Guaranty Title, Lovett, and Solis; negligence against Defendants Guaranty Title, Lovett, Solis, and Jampolsky; and breach of escrow contract against Guaranty Title. (Compl., pp. 10-17).

//

//

## II.   PROCEDURAL HISTORY

On December 1, 2006, First Horizon filed a complaint in the Maricopa County Superior Court of Arizona. (Affidavit of Stephanie Wilson, Dkt. #31, Ex. A). Then, on February 1, 2007, Defendant Michael Phillips removed this case to the U.S. District Court for the District of Arizona. (Notice of Removal, Dkt. #1).

On March 2, 2007, First Horizon filed an amended complaint. (Dkt. #s 5, 6). And on March 7, 2007, the District Court issued summons as to the named Defendants in First Horizon's amended complaint. (Dkt. #7). Defendant Phillips answered the complaint on March 23, 2007 (Dkt. #7); and on April 12, 2007, First Horizon filed the instant motion to strike Phillips's affirmative defense pursuant to FRCP 12(f), or in the alternative for a more definite statement pursuant to FRCP 12(e). (Dkt. #8). Defendants Guaranty Title, Lovett, and Solis waived their summons and then answered the complaint on June 16, 2007 (Dkt. #s 9, 17). And on July 9, 2007, First Horizon filed the instant motion to strike Guaranty Title, Lovett, and Solis's affirmative defense. (Dkt. #30).

On May 16, 2007, First Horizon applied for entry of default against Defendant Nowak pursuant to FRCP 55(a). (Dkt. #11). First Horizon served Nowak on April 22, 2007, by leaving copies of the summons, complaint, exhibits, and notice of errata with "Richard Tracey, co-occupant" at Nowak's residence. (Affidavit of Service, Dkt. # 12). Nowak did not respond within the 20 days allotted under FRCP 12(a); and on June 29, 2007, the Clerk of the Court entered default against Nowak. (Dkt. #27). Then, on August 17, 2007, First Horizon filed the instant motion for default judgment against Nowak pursuant to FRCP 55(b)(2) and FRCP 54(b). (Dkt. #36).

On June 28, 2007, First Horizon applied for entry of default against Defendant Jampolsky pursuant to FRCP 55(a). (Dkt. #24). But on June 29, 2007, Defendant Jampolsky filed the instant motion to quash summons and/or dismiss the complaint against him due to insufficient service of process. (Dkt. #28).

//

//

### III. DISCUSSION

#### A. Defendant Jampolsky's Motion To Quash

##### 1. FRCP 4(m)

"District courts have broad discretion to extend time for service under Rule 4(m)." Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). FRCP 4(m) provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) states that a district court must grant an extension of time when the plaintiff shows good cause for the delay. Efaw, 473 F.3d at 1040 (citation omitted). In addition, "the rule *permits* the district court to grant an extension even in the absence of good cause." Id. (emphasis in original). However, in making extension decisions under Rule 4(m), a district court should consider the statute of limitations, prejudice to the defendant, actual notice of a lawsuit, and eventual service. Id. at 1041 (citation omitted).

First Horizon's complaint was removed to the U.S. District Court for the District of Arizona on February 1, 2007. (Dkt. #1). First Horizon had 120 days from that date to serve Defendant Jampolsky. Fed.R.Civ.P. 4(m). Thus, service should have been completed by June 1, 2007; but it was not allegedly completed until June 3, 2007. However, as an initial matter, First Horizon contends that the 120-day clock began on March 2, 2007, because First Horizon filed an amended complaint on that date. (Dkt. #5). However, although a plaintiff may be given 120 days from the date of amendment to serve any new defendants named in the amended complaint, amendments will ordinarily not extend the time for serving parties who were named earlier. See City of Merced v. Fields, 997 F.Supp. 1326, 1338 (E.D.Cal. 1998); see also Bolden v. City of Topeka, 441 F.3d 1129, 1148-49 (10th Cir. 2006). First Horizon's amended complaint did not add Jampolsky as a new defendant; Jampolsky was a named defendant in First Horizon's

1  original complaint. (Dkt. #1). Thus, the Court finds that First Horizon's 120-day clock
2  started ticking when the case was removed to this Court on February 1, 2007.

3        The plaintiff bears the burden of establish that "good cause" exists to excuse a
4  delay in service of process. Efaw, 473 F.3d at 1040. First Horizon contends that good
5  cause exists in the instant action because First Horizon initially believed that Jampolsky's
6  counsel, Jeffrey Matura, would accept service on behalf of his client; and that in May
7  2007, after learning that Mr. Matura was not going to accept service, First Horizon
8  initiated service attempts on Jampolsky at both his home and business. (Plaintiff's
9  Response, Dkt. #31, p.5). The record indicates that First Horizon diligently attempted
10 service on Jampolsky during May 2007. However, First Horizon's initial three-month
11 period of alleged confusion regarding whether Jampolsky's counsel would accept service
12 on behalf of his client does not constitute good cause to excuse a delay in service of
13 process. Nonetheless, Jampolsky and his attorney had actual notice of this lawsuit.
14 (Defendant Doron Jampolsky's Reply, Dkt. #33, p.6). In addition, nothing in the record
15 indicates that Jampolsky has suffered prejudice due to the two-day delay in service of
16 process. Further, as discussed below, the Court finds that service was adequately
17 completed in this case. Thus, the Court, in exercising its broad discretion under FRCP
18 4(m), finds that service in this case was not untimely.

19       **2. FRCP 4(e)**

20       FRCP 4(e) provides, in pertinent part:

> [S]ervice upon an individual . . . may be effected . . . by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Although process need not be handed directly to the served defendant, the recipient of process must be of "suitable age and discretion" and ordinarily must be "residing" at the defendant's home. Fed.R.Civ.P. 4(e). However, service of process is not intended to be a game of cat and mouse. See, e.g., U.S. v. Tobins, 483 F.Supp.2d 68, 79 (D.Mass. 2007);

1   National Labor Relations Bd. v. Clark, 468 F.2d 459, 464 (5th Cir. 1972).  As such, when
2   a defendant has received actual notice of the commencement of an action, "the provisions
3   of Rule 4(e) should be liberally construed to effectuate service and uphold the jurisdiction
4   of the court, thus insuring the opportunity for a trial on the merits."  Karlsson v.
5   Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963); see also Fed.R.Civ.P. 1 (the FRCP should
6   be construed to secure "the just, speedy, and inexpensive determination of every action").

7       Defendant Jampolsky contends that service was improper pursuant to FRCP 4(e)
8   because his mother was served with process, and although she was at Jampolsky's
9   residence at the time, she does not in fact reside with him.  (Dkt. #26, p.5; Affidavit of
10  Doron Jampolsky, Dkt. #26, Ex. 2).  In response, First Horizon submits an affidavit of
11  service, in which the Process Server provides details about his service on an adult female,
12  who he contends was Jampolsky's wife.  (Affidavit of Service, Dkt. #31, Ex. E).

13      Regardless of whether service was in fact effected on Jampolsky's wife or his
14  mother, the Court finds that service was proper in this case.  See, e.g., Derbyshire, 157
15  F.R.D. at 60 (finding that service on the defendant's mother at an address that defendant
16  represented to be his current address was adequate given the defendant's actual notice of
17  the pending lawsuit and his apparent attempts to avoid service of process.).  The record
18  makes clear that Jampolsky received actual notice of this lawsuit; and thus the Court finds
19  that service was proper pursuant to FRCP 4(e).

20      **B.**    **Plaintiff's Motions to Strike**

21      First Horizon moves to strike the affirmative defense(s) of Defendants Phillips and
22  Defendants Guaranty Title Agency of Arizona, Inc., Christina Lovett, and Claudia Solis
23  pursuant to FRCP 12(f).  In the alternative, First Horizon moves for a more definite
24  statement pursuant to FRCP 12(e).  Rule 12(f) provides, in pertinent part:

25      Upon motion made by a party . . . the court may order stricken from any
    pleading any insufficient defense or any redundant, immaterial, impertinent,
26      or scandalous matter.

27  Motions to strike pursuant to Rule 12(f) are disfavored.  See Taylor v. Quall, 471
28  F.Supp.2d 1053, 1058-59 (C.D.Cal. 2007).  Nonetheless, a Rule 12(f) motion may be

- 6 -

1  proper when a defense is insufficient as a matter of law.  See Fantasy, Inc. v. Fogerty, 984
2  F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  "Courts
3  must view the pleadings under attack in the light more favorable to the pleader."  Lazar v.
4  Trans Union LLC, 195 F.R.D. 665, 669 (C.D.Cal. 2000).

5       First Horizon contends that Defendants may not legally assert an affirmative
6  defense of negligent underwriting.  However, it is unclear from the record whether
7  Defendants in fact assert an affirmative defense of negligent underwriting.  Accordingly,
8  the Court will not address the substantive merits of such a defense at this time.

9       However, First Horizon has also moved, in the alternative, for a more definite
10 statement of Defendants' affirmative defenses pursuant to FRCP 12(e).  Rule 12 (e)
11 provides, in pertinent part:

12     If a pleading to which a responsive pleading is permitted is so vague or
    ambiguous that a party cannot reasonably be required to frame a responsive
13     pleading, the party may move for a more definite statement . . . ."

14 The decision to grant or deny a motion for a more definite statement pursuant to FRCP
15 12(e) is committed to the Court's sound discretion.  See Sheffield v. Orius Corp., 211
16 F.R.D. 411, 414 (D.Or. 2002).  The pleading requirements under the Federal Rules of
17 Civil Procedure are quite liberal and thus motions for a more definite statement are
18 generally disfavored.  See McQueen v. Woodstream Corp., 2007 WL 2284747, at *7
19 (D.D.C. 2007).  Indeed, FRCP 8(a)(2) only requires that a pleading contain "a short and
20 plain statement of the claim showing that the pleader is entitled to relief."  The main
21 purpose of a pleading is to put the opposing party on notice of the nature of the parties'
22 claims and defenses and afford the opposing party a chance to argue why the defense is
23 unfounded.  See Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found., 402 U.S. 313,
24 350 (1971).  As such, each party must set forth enough details so as to provide the
25 opposing party and the Court with a fair idea of the basis of the claims and the asserted
26 defenses, and the legal grounds for recovery.  See Self Directed Placement Corp. v.
27 Control Data Corp., 908 F.2d 462 (9th Cir. 1990).
28

In this case, Defendants' statements regarding their affirmative defenses are vague and mostly unsupported, providing little notice to either First Horizon or this Court as to what affirmative defenses Defendants assert in response to First Horizon's complaint. Defendant Phillips' answer mentions no specific affirmative defense, and Defendants Guaranty Title, Lovett, and Solis's answer, although it appears to reference comparative fault under A.R.S. §§ 12-2505 and 2506, mentions no other specific affirmative defense, such as the defense of negligent underwriting. Defendants' statements regarding their affirmative defenses are clearly vague, blanket statements that only generally contest their liability in this case. Defendants' pleadings are not simple, concise, and direct, as required under FRCP 8(e), and Plaintiff and the Court are left to guess as to what affirmative defenses Defendants assert in their pleadings, and against whom they are asserted. As such, the Court grants Plaintiff's motion for a more definite statement pursuant to FRCP 12(e), and directs Defendant Phillips and Defendants Guaranty Title Agency of Arizona, Inc., Christina Lovett, and Claudia Solis to amend their answers to include a more definite statement of their affirmative defense(s) by pleading their affirmative defenses in separate paragraphs and labeling each as an affirmative defense.

### C. Plaintiff's Motion for Default Judgment

"Entry of default judgment is governed by FRCP 55 and is left to the trial court's sound discretion." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). After entry of default by the Clerk of the Court pursuant to FRCP 55(a), the Court may grant default judgment pursuant to FRCP 55(b)(2). See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the sequential two-step process under FRCP 55). Factors that a district court may consider in exercising its discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

1  Id., 782 F.2d at 1471-72.  After default has been entered by the Clerk of the Court, the
2  factual allegations of the complaint are taken as true, except for those allegations relating
3  to damages.  See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).
4  "A party seeking default judgment must state a claim upon which it may recover."  Philip
5  Morris USA, 219 F.R.D. 494, 501 (C.D.Cal. 2003).  Furthermore, a plaintiff must prove
6  all damages sought in the complaint.  See Philip Morris USA, 219 F.R.D. at 498; see also
7  Fed.R.Civ.P. 55(b)(2) ("In determining damages, a court can rely on the declarations
8  submitted by the plaintiff.").

9        First Horizon has satisfied the procedural requirements for default judgment
10  against Defendant Nowak.  First Horizon (1) served Nowak with the summons and
11  complaint on April 22, 2007 (Dkt. #12); (2) caused the Clerk of the Court to enter the
12  default against Nowak on June 29, 2007 for failure to answer (Dkt. #27); (3) stated that
13  Nowak is not a minor or incompetent, was not served by publication, and is not in the
14  military (Plaintiff's Motion For Judgment, Dkt. #36, p.3); and (4) filed declarations
15  regarding the amount of costs sought and calculations regarding the amount of loss (Bill
16  of Costs, Dkt. #35; Affidavit of Stephanie Wilson, Ex. C, Dkt. # 36; Affidavit of Dean
17  McGee, Ex. D, Dkt. #36).  Finally, because Plaintiff does not request relief that differs
18  from or exceeds that prayed for in the complaint, the application for default judgment
19  complies with FRCP 54(c).  Accordingly, the Court need only analyze the Eitel factors to
20  determine whether default judgment is appropriate in the instant action.

21        In considering the Eitel factors, the Court takes all factual allegations in First
22  Horizon's complaint as true, except for those relating to damages.  See Heidenthal, 826
23  F.2d at 917-18.  After reviewing the complaint and the affidavits submitted in support of
24  First Horizon's motion for default judgment against Defendant Nowak, the Court finds
25  that the Eitel factors favor granting default judgment against Nowak.  First, Plaintiff
26  would clearly suffer prejudice if default judgment was not granted because it would be
27  without other recourse for recovery with respect to its unjust enrichment claim against
28  Nowak.  Second, First Horizon has adequately pled all five claims against Defendant

1  Nowak: (1) conspiracy to commit fraud; (2) fraud; (3) constructive fraud; (4) breach of
2  fiduciary duty; and (5) unjust enrichment.  Third, as Nowak's failure to answer
3  constitutes an admission to the averments contained in the complaint under FRCP 8(d),
4  the Court must accept these allegations as true.  Accordingly, the first three Eitel factor
5  favor entry of default judgment against Defendant Nowak.

6  Pursuant to the fourth Eitel factor, the Court considers the amount of money at
7  stake in relation to the seriousness of Defendant's conduct.  See Eitel, 782 F.2d at
8  1471-72.  In support of its claims, First Horizon submits affidavits relating the expenses
9  incurred by First Horizon in relation to the Subject Transaction and Subject Loans in the
10 amount of $149,954.42, plus the unjust enrichment received by Nowak in the amount of
11 $50,000.00.  (Dkt. #35, Ex. C, D).  First Horizon contends that Defendant Nowak was
12 intimately involved in the Subject Transaction and in fraudulently securing the Subject
13 Loans from First Horizon.  (Dkt. #5).  First Horizon also submits a statement of costs that
14 includes a process fee of $81.00 and a filing fee of $245.00.  (Dkt. #36, p.1).  As such, the
15 Court finds that this factor favors granting default judgment against Defendant Nowak.

16 The fifth Eitel factor considers the possibility of dispute as to any material facts in
17 the case.  However, on entry of default, as previously stated, all well-pleaded facts in the
18 complaint are taken as true, except those relating to damages.  See TeleVideo Sys., Inc.,
19 826 F.2d at 917-18.  Here, Plaintiff filed a well-pleaded complaint alleging the facts
20 necessary to establish its claims, Defendant Nowak failed to appear, and the Clerk of the
21 Court entered default against Defendant Nowak.  Thus, no dispute has been raised
22 regarding the material averments of the complaint, and the likelihood that any genuine
23 issue may exist is, at best, remote given Nowak's failure to respond to his summons.
24 Thus, this factor also favors the entry of default against Defendant Nowak.

25 The sixth Eitel factor considers the possibility that default resulted from excusable
26 neglect.  "Due process requires that all interested parties be given notice reasonably
27 calculated to apprise them of the pendency of the action and be afforded opportunity to
28 present their objections before a final judgment is rendered."  Philip Morris USA, 219

1  F.R.D. at 500-01 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306,
2  314 (1950)).  In this case, Defendant received notice of both Plaintiff First Horizon's
3  complaint and First Horizon's application for entry of default.  (Affidavit of Service, Dkt.
4  #12; Application for Entry of Default, Dkt. #24).  Defendant Nowak failed to answer the
5  complaint and has not opposed this motion, and in light of the summons and application
6  for entry of default delivered to Nowak regarding the pending lawsuit, and the extended
7  period of time that has elapsed, the possibility of excusable neglect appears to be remote.
8  Accordingly, this factor favors granting default judgment against Defendant Nowak.
9        Finally, "the mere existence of Fed.R.Civ.P. 55(b) indicates that the seventh Eitel
10 factor is not alone dispositive."  Philip Morris USA, 219 F.R.D. at 501 (citing Cal. Sec.
11 Cans., 238 F.Supp.2d at 1177).  "Moreover, Defendant's failure to answer [Plaintiff's]
12 Complaint makes a decision on the merits impractical, if not impossible. Under FRCP
13 55(a), termination of a case before hearing the merits is allowed whenever a defendant
14 fails to defend an action."  Cal. Sec. Cans., 238 F.Supp.2d at 1177.  This is exactly what
15 occurred here, and thus the seventh Eitel factor does not preclude the Court from entering
16 default judgment against Defendant Nowak.  Accordingly, in light of the Eitel factors as a
17 whole, the Court finds that default judgment against Defendant Nowak is appropriate.
18       Nonetheless, "[i]n granting default judgment, a court can award only up to the
19 amount prayed for by a plaintiff in its complaint."  Truong Giang Corp. v. Twinstar Tea
20 Corp., 2007 WL 1545173, at *13 (N.D.Cal. 2007).  Although a demand for relief must be
21 specific under FRCP 8(a)(3), a "[p]laintiff's burden in 'proving up' damages on a motion
22 for default judgment is relatively lenient.  If proximate cause is properly alleged in the
23 complaint, it is admitted upon default.  Injury is established and plaintiff need prove only
24 that the compensation sought relates to the damages that naturally flow from the injuries
25 pled."  Philip Morris USA, 219 F.R.D. at 498 (quoting Fed.R.Civ.P. 54(c)) (citing Cripps
26 v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992)).
27       In the instant case, First Horizon seeks from Defendant Nowak: (1) individual
28 damages for its unjust enrichment claim in the amount of $50,000; (2) related service of

- 11 -

1  process fee of $81.00; (3) damages for its conspiracy to commit fraud, fraud, constructive
2  fraud, and breach of fiduciary duty claims in the amount of $149,954.42, jointly and
3  severally with the other defendants; and 4) filing fee of $245.00, also jointly and severally
4  with the other defendants. (Motion For Default Judgment, Dkt. #36, p.1). First Horizon
5  demands each of these forms of relief in its complaint; as such, First Horizon's requested
6  remedies do not differ from the relief prayed for in the complaint. (Compl., pp. 10-17).
7  First Horizon has submitted, along with a number of supporting exhibits, a statement of
8  costs (Dkt. #35); an affidavit from Dean McGee, Senior Vice-President of First Horizon,
9  detailing the calculations in determining the loss incurred on the Subject Property due to
10 the Subject Loans, in the amount of $149,954.42 (Dkt. #36, Ex. D); and an affidavit from
11 Stephanie Wilson, attorney for First Horizon, discussing the amount loss and related costs
12 ($245.00) due to the Subject Loans, as well as Defendant Nowak's alleged unjust
13 enrichment and related costs, in the amount of $50,000.00 and $81.00, respectively (Dkt.
14 #36, Ex. C). After reviewing the affidavits and related exhibits, the Court finds that
15 Plaintiff First Horizon's requested damages against Defendant Nowak are reasonably
16 calculated and naturally derive from the injuries pled in First Horizon's complaint.
17 Therefore, the Court grants Plaintiff First Horizon's motion for default judgment against
18 Defendant Nowak for individual damages and costs in the amount of $50,081.00, and
19 damages in the amount of $149,954.42, plus costs of $245.00, to be shared jointly and
20 severally with the remaining defendants.

21       **Accordingly,**

22       **IT IS HEREBY ORDERED** that Defendant Jampolsky's motion to quash
23 summons (Dkt. #28) is DENIED.

24       **IT IS FURTHER ORDERED** that Plaintiff's motions to strike (Dkt. #s 8, 30) are
25 GRANTED in part and DENIED in part.

26       **IT IS FURTHER ORDERED** that Defendant Phillips must amend his answer to
27 include a more definite statement of his affirmative defense(s) pursuant to Rule 12(e);
28 Defendant Phillips must file his amended answer within 10 days of this Order;

**IT IS FURTHER ORDERED** that Defendants Guaranty Title Agency of Arizona, Inc., Christina M. Lovett, and Claudia Solis must amend their answer to include a more definite statement of their affirmative defense(s) pursuant to Rule 12(e); Defendants Guaranty Title, Lovett, and Solis must file their amended answer within 10 days of this Order;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment against Defendant Jason Nowak (Dkt. #36) is GRANTED.

DATED this 31st day of March, 2008.

_____
Mary H. Murgia
United States District Judge

- 13 -